IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD HITTLE, | ) | |
| | ) | 2:12-cv-00766-GEB-KJN |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | STATUS (PRETRIAL SCHEDULING) |
| | ) | ORDER |
| THE CITY OF STOCKTON, | ) | |
| CALIFORNIA, a municipal | ) | |
| corporation; ROBERT DEIS, in his | ) | |
| official capacity and as an | ) | |
| individual; and LAURIE MONTES, | ) | |
| in her official capacity and as | ) | |
| an individual, | ) | |
| | ) | |
| Defendants.* | ) | |
| _____ | ) | |

The status (pretrial scheduling) conference scheduled for hearing on June 25, 2012, is vacated since the parties' Joint Status Report filed on June 7, 2012 ("JSR") indicates the following Order should issue.

DOE DEFENDANTS, SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

Since Plaintiff has not justified Doe defendants remaining in this action, Does 1-100 are dismissed. See Order Setting Status (Pretrial Scheduling) Conference filed March 26, 2012, at 2 n.2 (indicating that if justification for "Doe" defendant allegations not provided Doe defendants would be dismissed).

_____

* The caption has been amended according to this order's dismissal of doe defendants.

Further, other than an amendment that could be authorized if all or part of the now pending dismissal motion is granted, no further service, joinder of parties, or amendments to pleadings is permitted, except with leave of Court for good cause shown.

<u>DISCOVERY</u>

All discovery shall be completed by August 7, 2013. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(B) and (C)'s initial expert witness disclosure requirements on or before March 7, 2013, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(D)(ii) on or before April 8, 2013.

<u>MOTION HEARING SCHEDULE</u>

The last hearing date for a motion is October 7, 2013, commencing at 9:00 a.m.[1] A motion shall be briefed as prescribed in Local Rule 230.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied. A motion in limine addresses the admissibility of evidence.

---

[1] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

<u>FINAL PRETRIAL CONFERENCE</u>

The final pretrial conference is set for December 16, 2013, at 1:30 p.m. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In addition, all persons representing themselves and appearing in <u>propria persona</u> must attend the pretrial conference.

The parties are warned that **non-trial worthy issues could be eliminated *sua sponte*** "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." <u>Portsmouth Square v. S'holders Protective Comm.</u>, 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a **JOINT** pretrial statement no later than seven (7) calendar days prior to the final pretrial conference. The joint pretrial statement shall address the applicable portions of Local Rule 281(b), and shall set forth each theory of liability ("claim") and affirmative defense which remains to be tried, and the ultimate facts on which each theory/defense is based. Furthermore, each party shall estimate the length of trial.[2] The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. <u>See</u> <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999)("There is no requirement that the court hold a pretrial conference.").

If feasible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

---

[2]   If a trial by jury has been preserved, the joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.

<u>TRIAL SETTING</u>

Trial shall commence at 9:00 a.m. on March 11, 2014.

IT IS SO ORDERED.

Dated:  June 19, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

4