JEFFREY SLOAN (SBN 078179)
TIMOTHY G. YEUNG (SBN 186170)
ERICH W. SHINERS (SBN 244695)
RENNE SLOAN HOLTZMAN SAKAI LLP
428 J Street, Suite 400
Sacramento, CA 95814
Telephone: (916) 273-1710
Facsimile: (916) 273-1711
eshiners@rshslaw.com

Attorneys for Defendants
CITY OF STOCKTON, ROBERT DEIS,
LAURIE MONTES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD HITTLE,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF STOCKTON,<br>ROBERT DEIS, LAURIE MONTES,<br><br>    Defendants. | Case No.: 2:12-CV-00766-GEB-KJN<br><br>**DEFENDANTS' BRIEF ADDRESSING EFFECT OF BANKRUPTCY STAY ON NON-BANKRUPTCY PARTIES**<br><br>Judge:    **Hon. Garland E. Burrell, Jr.**<br>           **Courtroom 10, 13th Floor**<br><br>**Complaint Filed:  March 26, 2012**<br>**Trial Date:           March 11, 2014** |

On June 28, 2012, Defendant CITY OF STOCKTON (City) filed a Chapter 9 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of California. [Document 15, Exh. A] On July 2, 2012, the City filed a Notice of Automatic Stay which, pursuant to 11 U.S.C. §§ 362 and 901(a), stayed all suits against the City, including this one. [Document 15]

On July 6, 2012, this Court issued an order directing the "non-bankruptcy" parties to file briefs no later than July 20 "addressing the effect, if any, that the stay has on any non-bankruptcy party." [Document 16] The "non-bankruptcy" parties in this matter are City Manager ROBERT DEIS and Deputy City Manager LAURIE MONTES (collectively Individual Defendants). This brief is submitted on behalf of both Individual Defendants in accordance with the Court's July 6 order.

## I. ARGUMENT

11 U.S.C. § 362(a) provides in pertinent part that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of—(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . .[and] (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." *See also* 11 U.S.C. § 922(a) (supplemental automatic stay provision in Chapter 9). In a Chapter 9 case, the purpose of the automatic stay is to "halt all collection efforts and allow[] a municipal debtor to attempt to formulate a plan of reorganization. It also prevents any creditor from obtaining an advantage over any other creditor." *In re New Magma Irrigation & Drainage Dist.*, 193 B.R. 528, 536 (Bankr. D. Ariz. 1994).

It is undisputed that this action is stayed as to the City because Plaintiff RONALD HITTLE (Plaintiff) seeks to "recover a claim against" the City and to "obtain possession of property," i.e., money, from the City. In his July 18, 2012 Brief In Response To Stay of Proceedings As Against Defendant City of Stockton, Plaintiff claims, without any citation to authority, that the automatic stay does not apply to the Individual Defendants. In fact, authority in this jurisdiction, including from this very Court, establishes just the contrary: the stay applies to both Individual Defendants because the City's statutory requirement to defend and indemnify them makes the City the real party in interest in this matter, as any judgment or settlement in the cause of action against the Individual Defendants will necessarily be paid from the City treasury. Under these circumstances, subsections (a)(1) and (a)(3) of 11 U.S.C. § 362 provide separate bases for extending the stay to the Individual Defendants.

### A. Section 362(a)(1) Bars Continuation Of This Action Against The Individual Defendants

As a general rule, the automatic stay does not protect non-debtor entities from being sued. However, "special" or "unusual circumstances" may justify extending the stay to non-bankruptcy

DEFENDANTS' BRIEF ADDRESSING EFFECT OF BANKRUPTCY STAY ON NON-BANKRUPTCY PARTIES                              2
CASE NO. 2:12-CV-00766-GEB-KJN

1  parties. E.g., *Williams v. Kenney*, No. S-07-01000 LKK EFB, 2008 WL 3540408, at *8 (E.D.
2  Cal. Aug. 12, 2008), *findings and recommendations adopted by* 2008 WL 4454042, at *2 (E.D.
3  Cal. Sept. 30, 2008); *Bihari v. DDJ Capital Management, LLC*, 306 B.R. 336, 338 (E.D. Cal.
4  2004); *In re Family Health Servs., Inc.*, 105 B.R. 937, 942-43 (Bankr. C.D. Cal. 1989); see *Lewis
5  v. Russell*, No. S-03-2646 WBS KJM, 2009 WL 1260290, at *2 (E.D. Cal. May 7, 2009) ("the
6  court may not rule on issues that require the court to consider the possible liability of the
7  debtor").[1]  "For example, courts have found the stay applicable where the non-debtor third party
8  is entitled to absolute indemnity from the debtor such that the debtor is, in effect, the real party
9  defendant." *Williams*, 2008 WL 3540408, at *8; *Bihari*, 306 B.R. at 338; *In re Family Health
10 Servs.*, 105 B.R. at 942-43.

11     *Williams* is squarely on point. In *Williams*, the plaintiff alleged that three individual
12 officers of the Vallejo City Police Department violated his constitutional rights by employing
13 excessive force in connection with his arrest in 2006. 2008 WL 3540408, at *1. In 2008, the
14 City of Vallejo filed a Chapter 9 bankruptcy petition and, subsequently, a notice of automatic
15 stay in Williams' case, *id.* at *7, even though it already had been dismissed from the case, *id.* at
16 *1. Like the Court here, Magistrate Judge Brennan requested briefing from the parties regarding
17 whether the stay should apply to the individual officers. *Id.* at 7.

18     Judge Brennan, whose findings Judge Karlton subsequently adopted, found that "unusual
19 circumstances" justified application of the automatic stay to the non-debtor police officers. *Id.* at
20 *8. Although the City of Vallejo was no longer a party to the action, Judge Brennan held that
21 "this case is one that would necessarily affect its property if a judgment is entered in plaintiff's
22 favor, or even if the case settles." *Id.*  This was so because:

---

[1] "The Ninth Circuit has not specifically identified what situations raise 'special' or 'unusual circumstances' that necessitate a broader stay of claims pursuant to § 362(a)." *Lewis*, 2009 WL 1260290, at *2; *see In re Excel Innovations, Inc.*, 502 F.3d 1086, 1098 (9th Cir. 2007) (noting that the vitality of the "unusual circumstances" exception is "unclear," before declining to address it); *see also Boucher v. Shaw*, 572 F.3d 1087, 1093 (9th Cir. 2009) ("[I]f the liability of the non-debtor party *were* to affect the property of the bankruptcy estate . . . it may be necessary for the plaintiff in such a case to proceed against the non-debtor party through bankruptcy proceedings.") (emphasis in the original).

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

> Pursuant to Cal. Gov't Code § 995, a public entity is required to defend its employees in civil actions for acts or omissions occurring within the scope of their employment, regardless of whether they are named in their individual or official capacities. Further, if the action results in a judgment adverse to the employee, or settles, the public entity is required to indemnify the employee for the amount of the judgment or settlement. See Cal. Gov't Code § 825(a).

*Id.*

Similarly, in *Bihari* this Court applied the "unusual circumstances" exception in finding that a former jewelry store employee could not avoid the automatic stay protecting his former employer by instead filing suit against the shareholders, officers, and directors of the jewelry store. *Bihari*, 306 B.R. at 338. In so ruling, the Court found "such identity between the debtor [employer] and [the individual defendants] that the debtor might be said to be the real party defendant and that a judgment against [the individual defendants] will in effect be a judgment or finding against the debtor." *Id.* (quoting *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)); *see In re Family Health Servs.*, 105 B.R. 937 at 942-43 ("actions against the non-debtor members will result in claims against the debtor for reimbursement or indemnification such that the debtor is the real party defendant").

Here, as in *Williams*, *Bihari*, and *Family Health*, the debtor City, not the Individual Defendants, is the real party in interest against whom defense costs and any judgment or settlement payments will be assessed. As a matter of state law, the City is obligated to defend civil actions brought against its employees. Cal. Gov't Code § 995. In addition, the City is required to indemnify its employees for any claim or judgment against them in favor of third-party plaintiffs. Cal. Gov't Code § 825. Because of these statutory obligations, a judgment against the Individual Defendants will in effect be a judgment against the City.

Moreover, because litigating the cause of action against the Individual Defendants could establish the City's liability toward Plaintiff, the City would have to actively participate in the litigation to protect its interests. Requiring the City to do so would "run afoul of one of the central purposes of the automatic stay-to relieve the debtor of the financial pressures that drove

him into bankruptcy." *Lewis*, 2009 WL 1260290, at *4 (internal citations and quotations omitted).

### B. Section 362(a)(3) Likewise Bars Continuation Of This Action Against The Individual Defendants

11 U.S.C. § 362(a)(3) provides an independent basis for staying this action as to the Individual Defendants. Pursuing this action against the Individual Defendants would force the bankrupt City to expend 100-cent dollars defending the Individual Defendants and to satisfy any judgment obtained against the Individual Defendants. It thus qualifies as an "act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," 11 U.S.C. § 362(a)(3), thereby justifying application of the automatic stay to the Individual Defendants. *See Williams*, 2008 WL 3540408, at *8 ("Because the City of Vallejo is required to represent the remaining defendants throughout the balance of this case and to satisfy any judgment or settlement, this case is, in effect, one against the debtor, and constitutes an act to obtain possession over property in the estate"); *In re Family Health Servs.*, 105 B.R. at 942-43.

## II. CONCLUSION

For these reasons, the Court should stay this action as to all parties, including the Individual Defendants.

Dated: July 20, 2012

RENNE SLOAN HOLTZMAN SAKAI LLP

By: /s/ Erich W. Shiners

Jeffrey Sloan
Timothy G. Yeung
Erich W. Shiners
Attorneys for Defendants City of Stockton,
Robert Deis, Laurie Montes