MAYALL HURLEY
A Professional Corporation
2453 Grand Canal Boulevard, Second Floor
Stockton, California 95207-8253
Telephone (209) 477-3833
MARK S. ADAMS
CA State Bar No. 78706
WILLIAM G. GORHAM
CA State Bar No. 151773
JOHN P. BRISCOE
CA State Bar No. 273690

Attorneys for Plaintiff, Ronald Hittle

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD HITTLE,<br><br>    Plaintiff,<br><br>vs.<br><br>THE CITY OF STOCKTON, CALIFORNIA, a municipal corporation; ROBERT DEIS, in his official capacity and as an individual; LAURIE MONTES, in her official capacity and as an individual;<br><br>    Defendants. | Case No.: 2:12-CV-00766-GEB-KJN<br><br>PLAINTIFF'S BRIEF IN RESPONSE TO BRIEF FILED BY DEFENDANTS ADDRESSING EFFECT OF BANKRUPTCY STAY ON NON-BANKRUPTCY PARTIES |

Plaintiff Ron Hittle, in accordance with this Court's order dated July 6, 2012 (Document 16), submits the following brief in response to the brief filed by Defendants on July 20, 2012 (Document 18), addressing the effect of the bankruptcy stay filed by the City of Stockton on the other Defendants in this action, Robert Deis and Laurie Montes.

I

## SUMMARY OF ARGUMENT

Defendants Robert Deis and Laurie Montes, through their brief, seek to avoid liability and the power of this Court by invoking protections that are not theirs. Though they are not insolvent, and have not filed for bankruptcy, they nonetheless contend that the City of Stockton's financial straits should relief them of all liability and that this action should be stayed in its entirety. However, the Defendants have not followed the proper statutory procedure for so extending the automatic stay to Deis and Montes. Further, the Defendants fail to recognize the long-standing principle of law that the automatic stay pursuant to 11 U.S.C. § 362 serves to protect only the insolvent party which has filed for bankruptcy. Additionally, Defendants misconstrue the law and the facts by asserting that there is an identity of interest between the parties—no such identity, in fact, exists, for the City is not vicariously liable for the codefendants' torts and, even if the City cannot indemnify Deis and Montes, they are not excused from their liability to Hittle. And last, Defendants have failed to make the required showing of immediate and irreparable harm to the City, were this action to continue against the codefendants. For these reasons, the automatic stay should not be extended to Defendants Deis and Montes, and Hittle's cause of action under 42 U.S.C. § 1983 must proceed against them.

II

## ARGUMENT

### A. Defendants Deis and Montes Have Not Followed the Proper Procedure

If Defendants Deis and Montes wanted the protections of the automatic stay, they should have moved for such protection under 11 U.S.C. § 105. That statute provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the United States Bankruptcy Code]." *Id.*, subd. (a). This is the sole and proper vehicle for a solvent codefendant to enjoy the protections of an automatic stay which has been entered to protect a debtor. *See In re All Seasons Resorts, Inc.* (Bkrptcy. C.D. Cal. 1987) 79 B.R. 901, 904 ("extension of § 362 does not occur automatically [], but requires the filing of an

appropriate adversary proceeding under § 105 and § 362 to achieve the desired result"). The codefendants have not followed the proper procedure to achieve their sought relief and, on those grounds alone, such relief must be denied.

### B. An Automatic Stay Does Not Apply to Solvent Codefendants

Deis and Montes scramble for shelter under the protections of the automatic stay provided by 11 U.S.C. § 362. They forget the axiom that the automatic stay does not prohibit a district court from continuing proceedings that relate only to a solvent codefendant of a debtor. *A.H. Robins Corp., Inc. v. Piccinin* (4th Cir. 1986) 788 F.2d 994, 999; *Greene & Kellogg, Inc. v. Oxford Hosp., Inc.* (E.D. Pa. 1989) 95 B.R. 26; *Owen Healthcare, Inc. v. Franklin Square Hosp.* (E.D. Pa. 1993) 159 B.R. 453; *Solow v. PPI Enterprises (U.S.) Inc.* (S.D.N.Y. 1992) 150 B.R. 9; *In re Crazy Eddie Securities Litigation* (E.D.N.Y. 1989) 104 B.R. 582; *Climax Molybdenum Co. v. M/V Seatrain Antwerp* (D.C.Md. 1984) 51 B.R. 192. "'[I]t would distort congressional purpose to hold that a third party solvent co-defendant should be shielded against his creditors by a device intended for the protection of the insolvent debtor' and creditors thereof." *Lynch v. Johns-Manville Sales Corp.* (6th Cir. 1983) 710 F.2d 1194, 1197 (citing lower court's opinion). Deis and Montes are indeed third parties and, as far as Hittle and this Court are aware, solvent. They cannot escape this action simply because action against the City has been stayed.

### C. There is no Identity of Interest Between the City of Stockton and the Codefendants

In their brief, Defendants argue that "unusual circumstances" justify application of the automatic stay to the non-debtor Defendants, Deis and Montes. No such circumstances exist. Firstly, it should be noted that Deis and Montes have premised the overwhelming bulk of their rhetoric on the holding of *Williams v. Kenney,* 2008 WL 3540408—a case centered on the City of Vallejo's bankruptcy filing of 2008, that has not been reported and is no authority at all. Though the Cities of Stockton and Vallejo may have shared the same economic strife in recent years, that does not make one unreported case controlling.

No "identity of interest" has been demonstrated that would justify extending the stay to protect Deis and Montes. Hittle has leveled a cause of action against these Defendants, and them

alone, in their official capacities *and* as individuals for tortious and unconstitutional conduct done under the color of law. Deis and Montes *are not the City of Stockton.* The City is not being made to answer for Deis and Montes' wrongful conduct. Whether the City is obliged to indemnify the codefendants is a tertiary concern that is neither ripe for adjudication, nor Hittle's.

Furthermore, there is no theory of vicarious liability under 42 U.S.C. § 1983 which might support a finding of an "identity of interest" between the City and the codefendants. The United States Supreme Court recently repeated the long-held proposition that "[u]nder § 1983, local governments are responsible only for 'their *own* illegal acts.' They are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson* (2011) 131 S.Ct. 1350, 1358-1359 (Court's italics). This principle was invoked in this case, when Hittle *did not name the City of Stockton as a defendant* in his cause of action under section 1983. Simply put, Hittle cannot get at the City for the deprivation of his constitutional rights—his remedies are limited as against the codefendants.

The Defendants' argument can be deconstructed by way of analogy. Consider a situation where a third party insurer files for bankruptcy. Clearly, that company's ability to indemnify and defend a man for his tortious conduct would be impaired. However, under no circumstances would a court stay the civil proceedings merely because the insurer could not, its duty notwithstanding, help the insured—the tortfeasor would be made to stand on his own feet and defend himself. This rationale applies squarely here. The City may indemnify and defend Deis and Montes, or it may not. That is a matter independent of Hittle's rights. The important point is that Montes and Deis may still be found liable. Simply because the City may not indemnify them—which is not to say that evidence proving such has been submitted—is no reason to excuse them from the jurisdiction of this Court. Indeed, there is no evidence before this Court regarding how the City is handling its obligations under Government Code section 995.[1]

---

[1] Hittle respectfully requests that this Court take judicial notice that Defendants Montes and Deis are not listed as creditors, as to their claimed right to be indemnified in this matter, in the City of Stockton's Chapter 9 bankruptcy filing.

### D. Defendants Have Made no Showing of Immediate and Irreparable Harm

Further, in making their argument, the Defendants have failed to make the requisite showing of immediate and irreparable harm which might justify extending the stay to the solvent codefendants. For example, in the case of *In re All Seasons Resorts* (Bkrptcy. C.D. Cal. 1987) 79 B.R. 901, the bankruptcy court found that no unusual circumstance existed justifying an extension of the automatic stay from a debtor to the nondebtor codefendants, even though those codefendants were granted the right to indemnification pursuant to the debtor's bylaws. Although finding a "closeness" between the defendants, the court found that the magnitude of harm to the debtor if the stay were not extended was not so great that the case should be stayed in its entirety. *Id.* at 904. Contrarily, in the case of *A.H. Robins Co., Inv. v. Piccinin* (4th Cir. 1986) 788 F.2d 994, the appellate court cited the lower court's finding that "irreparable harm" would be suffered by both the debtor and the solvent co-defendants. Judgments against the defendants "would reduce and diminish the insurance fund or pool represented in [the debtor's insurance policy] in favor of [plaintiff] and thereby affect the property of the debtor to the detriment of the debtor's creditors as a whole." *Id.* at 1008. No such finding has been made by the Court here, nor have any of the Defendants presented any evidence whatsoever that might support such a finding. The City has not argued, let alone demonstrated, that for this case to proceed against Deis and Montes would entail immediate and irreparable harm against the City. Defendants' argument is based solely on (uncitable) law in the abstract, and supposition.

Further, the codefendants have neither argued nor proven that the City is incapable of continuing to defend Montes and Deis. The City has neither argued nor proven that it is unable to fulfill what it purports to be its absolute duty to indemnify the codefendants under Government Code section 995. Deis and Montes have similarly neither argued nor proven that they are incapable of defending themselves in this action. Simply put, there has been neither argument nor proof that suggests that Montes and Deis cannot continue to be effectively represented so as to allow the case against them to go forward. The codefendants nonetheless

seek to hitch a ride on the bankruptcy protections afforded to the City, all to the tremendous detriment of Hittle.

### III

### CONCLUSION

Defendants Montes and Deis are not entitled to the protections of the automatic stay. The automatic stay affords protection only to the debtor, *not* to solvent codefendants. Montes and Deis have neither argued nor shown that they are insolvent or otherwise incapable of defending themselves in this action. The City has similarly neither argued nor shown that it is incapable of indemnifying the codefendants pursuant to Government Code section 995. Further, there simply is no "identity of interest" between the parties—there is no vicarious liability under 42 U.S.C. § 1983, and Hittle pursues that cause of action against Deis and Montes only. Last, even if the automatic stay could be afforded to the codefendants, they have not followed the proper procedure to obtain such protection. In the interests of fairness and justice, the automatic stay must not be extended to Defendants Bob Deis and Laurie Montes, and the cause of action under 42 U.S.C. § 1983 must proceed.

DATED: July 26, 2012                    MAYALL HURLEY P.C.

By _____
MARK S. ADAMS
WILLIAM G. GORHAM
JOHN P. BRISCOE
Attorneys for Plaintiff
RONALD HITTLE