IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD HITTLE, | ) | 2:12-cv-00766-GEB-KJN |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| THE CITY OF STOCKTON, CALIFORNIA, a municipal corporation; ROBERT DEIS, in his official capacity and as an individual; LAURIE MONTES, in her official capacity and as an individual, | ) | |
| Defendants. | ) | |

On May 29, 2012, Defendants Robert Deis and Laurie Montes ("Individual Defendants") and the City of Stockton ("the City," and collectively, "Defendants") each moved under Federal Rule of Civil Procedure 12(b)(6) for dismissal of Plaintiff's Complaint. Plaintiff's Complaint concerns events that occurred during his employment as Chief of the City of Stockton Fire Department and his termination from employment. On June 27, 2012, each Defendant's dismissal motion was submitted for decision without oral argument. However, after each motion was submitted, the City filed a Notice of Automatic Bankruptcy Stay under 11 U.S.C. § 362 ("§ 362"). Therefore, an order issued deeming the City's May 29, 2012 dismissal motion withdrawn and requiring the non-bankrupt parties to file briefs addressing the effect on them, if any,

of the City's bankruptcy stay. Each non-bankrupt party responded to the filing requirement.

"The automatic stay of 11 U.S.C. § 362(a)(1) prevents the 'commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was . . . commenced before the commencement' of the bankruptcy case." <u>Lewis v. Russell</u>, No. CIV. S-03-2646, 2009 WL 1260290, at *1 (E.D. Cal. May 7, 2009) (quoting <u>Dean v. Trans World Airlines, Inc.</u>, 72 F.3d 754, 755 (9th Cir. 1995)). "By halting all collection efforts, the stay affords the debtor time to propose a reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy." <u>In re Gruntz</u>, 202 F.3d 1074, 1081 (9th Cir. 2000) (internal quotation marks and citations omitted). "Because of the importance of the automatic stay, 'actions taken in violation of the automatic stay are void.'" <u>Lewis</u>, 2009 WL 1260290, at *1 (quoting <u>In re Gruntz</u>, 202 F.3d at 1082). "[A] district court has jurisdiction to decide whether the automatic stay applies to a proceeding pending before it[.]" <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1107 (9th Cir. 2005).

"In the absence of special circumstances, stays pursuant to section 362(a) are limited to debtors and do not include [claims against] non-bankrupt co-defendants." <u>Ingersoll-Rand Fin. Corp. v. Miller Mining Co.</u>, 817 F.2d 1424, 1427 (9th Cir. 1987). An "'identity of interests' [between the bankrupt defendant and non-bankrupt co-defendants] provides the special or 'unusual circumstances' which justify an order that stays proceedings against non-debtor parties." <u>In re Family Health Servs., Inc.</u>, 105 B.R. 937, 942 (C.D. Cal. 1989). In addition, "the case law in this Circuit establishes that, following an automatic stay, a court may not rule on issues that require the court to

consider the possible liability of the debtor in the underlying case."

Lewis, 2009 WL 1260290, at *2 (citing Dean, 72 F.3d at 756-57); cf.

Zimmer v. Nawabi, No. CIV. 07-00016, 2008 WL 618965, at *1 (E.D. Cal.

Mar. 4, 2008) ("The automatic stay precludes this court from taking any

action that may detrimentally affect [the bankrupt defendant's]

rights.").

Individual Defendants argue "the stay applies to [them.]"

(Defs.' Br. 2:19-22.) Individual Defendants specifically argue, inter

alia:

> Because litigating the cause[s] of action against
> [them] could establish the City's liability toward
> Plaintiff, the City would have to actively
> participate in the litigation to protect its
> interests. Requiring the City to do so would "run
> afoul of one of the central purposes of the
> automatic stay—to relieve the debtor of the
> financial pressures that drove [it] into
> bankruptcy."

Id. at 4:24-5:1 (citing Lewis, 2009 WL 1260290, at *4). Plaintiff

counters that "[n]o 'identity of interest' has been demonstrated that

would justify extending the stay to protect [Individual Defendants]."

(Pl.'s Reply Br. 3:26-27.) Plaintiff argues:

> [Plaintiff] has leveled a cause of action against
> these [Individual] Defendants, and them alone, in
> their official capacities and as individuals[,] for
> tortious and unconstitutional conduct . . . . The
> City is not being made to answer for Deis and
> Montes' wrongful conduct.

Id. at 3:27-4:3.

However, "'an official-capacity suit is, in all respects other

than name, to be treated as a suit against the entity[, since] . . . a

plaintiff seeking to recover . . . damages . . . in an official-capacity

suit must look to the government entity itself.'" Cmty. House, Inc. v.

1  City of Boise, Idaho, 623 F.3d 945, 966 (9th Cir. 2010) (quoting
2  Kentucky v. Graham, 473 U.S. 159, 165-66 (1985)).

3        Further, Plaintiff alleges the same factual allegations
4  support his claims against both the City and Individual Defendants.
5  Specifically, Plaintiff alleges in his Complaint that Montes verbally
6  reprimanded him for "attend[ing] a Christian-affiliated [leadership]
7  seminar" and for allegedly "organiz[ing] a 'Christian coalition' within
8  the ranks of the Fire Department." (Compl. ¶ 15.) Plaintiff also alleges
9  Montes and Deis "presented [him] with a list of approximately ten
10 alleged violations of City policy, including [his] attendance at a
11 religious-themed seminar, his permitting subordinates to attend the
12 seminar with him, and his co-ownership [with other firefighters] of [a]
13 cabin retreat," and "told [him] that unless he accepted a demotion
14 . . . , he would be investigated for these purported violations." Id. ¶
15 16. Plaintiff alleges he "refused to accept the lower position" and he
16 was investigated by the City. Id. ¶¶ 16 & 19. Plaintiff further alleges
17 he "received a letter, signed by Deis, titled 'Notice of Intent to
18 Remove From City Service[,]' . . . cit[ing Plaintiff] for attending the
19 leadership seminar with his subordinates, his association with [a
20 consultant he hired concerning a project to build a church school], and
21 for his property interest in the . . . cabin." Id. ¶¶ 19 & 20. Plaintiff
22 alleges his employment was terminated approximately one month later. Id.
23 ¶ 21.

24       Plaintiff alleges these allegations support his claims against
25 the City for religious and "associational" discrimination and
26 retaliation in violation of the California Fair Employment and Housing
27 Act ("FEHA") and Title VII of the Civil Rights Act ("Title VII");
28 failure to prevent discrimination and retaliation under FEHA; and breach

4

of employment contract. Id. ¶¶ 29-74 & 83-87. Plaintiff alleges the same facts support his 42 U.S.C. § 1983 claims against Individual Defendants which are based on alleged violations of his First Amendment right to association. Id. ¶¶ 75-82.

"Because of the nature of [Plaintiff's allegations and] claims . . . [,] it is not possible to draw a meaningful distinction between claims asserted against the [City] and [claims asserted against Individual Defendants]." Lewis, 2009 WL 1260290, at *2. Ruling on issues concerning the liability of the Individual Defendants would "require the court to consider the possible liability of the [City]" in violation of bankruptcy stay. Id. Therefore, the "'identity of interests' [between the City and the Individual Defendants] provides the special or 'unusual circumstances' which justify an order that stays proceedings against" the Individual Defendants in this case. In re Family Health Servs., Inc., 105 B.R. at 942.

Accordingly, the City's bankruptcy stay applies to Plaintiff's claims against Individual Defendants; and Individual Defendants' dismissal motions filed May 29, 2012 are deemed withdrawn. The parties shall file a status order within five (5) days of the lifting of the bankruptcy stay.

Dated:  September 5, 2012

GARLAND E. BURRELL, JR.
Senior United States District Judge