UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD HITTLE,<br><br>        Plaintiff,<br><br>    v.<br><br>THE CITY OF STOCKTON, CALIFORNIA, a municipal corporation; ROBERT DEIS, in his official capacity and as an individual; LAURIE MONTES, in her official capacity and as an individual; and DOES 1-100 inclusive,<br><br>        Defendants. | No. 2:12-cv-00766-TLN-KJN<br><br>**ORDER** |

    This matter is before the Court pursuant to a motion brought by Defendants City of Stockton ("the City"), Laurie Montes, the Deputy City Manager for the City of Stockton ("Defendant Montes"), and Robert Deis, the City Manager of the City of Stockton ("Defendant Deis") (collectively "Defendants"). Defendants move to dismiss under Rule 12(b)(6) or, alternatively, motion for a more definite statement on the first through sixth causes of action under Rule 12(e) and motion to dismiss the remaining causes of action under Rule 12(b)(6).[1] (ECF No. 24.) Plaintiff Ronald Hittle ("Plaintiff") opposes Defendants' motion. (ECF No. 26.)

---

[1] The Court notes that Defendants' motion does not specifically request dismissal of the seventh cause of action. (ECF Nos. 24; 24-1.) However, because the seventh cause of action is largely dependent on the prior six causes of action, the Court will, in the interest of judicial economy, address the sufficiency of the seventh cause of action in this Order.

1

The Court is duly advised of the parties' arguments. After careful consideration, and for the reasons put forth below, the Court hereby GRANTS Defendants' motion to dismiss as to all claims.

## I. FACTUAL BACKGROUND

Plaintiff was formerly employed as the Fire Chief of the City of Stockton. (ECF No. 1 at ¶ 9.) Plaintiff filed this action against Defendants for general, compensatory, punitive, and statutory damages. (ECF No. 1.) Plaintiff's complaint, which includes nine causes of action, is based on the following claims arising from his employment with the City. Plaintiff claims he was discriminated against on the basis of his religious beliefs in violation of California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900, *et seq.* (Count One) and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* (Count Two). (ECF No. 1 at ¶¶ 31, 40.) Plaintiff contends he was discriminated against on the basis of his associations in violation of FEHA (Count Three), Title VII (Count Four),[2] and the First Amendment of the U.S. Constitution (Count Eight). (ECF No. 1 at ¶¶ 47, 54, 78.) Plaintiff alleges he was subject to retaliation by the City in violation of FEHA (Count Five) and Title VII (Count Six). (ECF No. 1 at ¶¶ 59, 65.) Plaintiff asserts that the City failed to prevent discrimination and retaliation in violation of FEHA (Count Seven). (ECF No. 1 at ¶ 72.) Plaintiff maintains that the City committed a breach of contract in failing to pay Plaintiff the current value of his accrued sick time (Count Nine). (ECF No. 1 at ¶ 86.)

In support of these causes of actions, Plaintiff sets forth the following allegations: Plaintiff asserts he told Defendant Deis, the City Manager of the City of Stockton, on July 9, 2010, that Plaintiff was a devout Christian. (ECF No. 1 at ¶ 10.) In mid-2010, Plaintiff claims Defendant Montes, the Deputy City Manager for the City of Stockton, told Plaintiff that he and his staff members needed to improve their leadership skills and that they should attend leadership training. (ECF No. 1 at ¶ 11.) Following this advice, Plaintiff, along with three fellow Stockton firemen, attended a Christian-affiliated leadership seminar. (ECF No. 1 at ¶ 12.) Plaintiff claims

---

[2] Under the section concerning the Fourth Cause of Action, Plaintiff restates that he was terminated due to his religion. (ECF No. 1 at ¶ 54.) However, given the context, it appears this was an inadvertent error as the section discusses discrimination based on association. (ECF No. 1 at ¶¶ 51–53.)

that in October of 2010, Defendant Montes told Plaintiff that she was aware he had attended a Christian-affiliated seminar and that it was unacceptable for him to have done so. (ECF No. 1 at ¶ 15.) Plaintiff alleges he protested this, saying that it did not matter that the seminar was Christian in its nature. (ECF No. 1 at ¶ 15.) According to the complaint, on or about November 1, 2010, Defendant Montes and Defendant Deis presented Plaintiff with a list of approximately ten alleged violations of City policy, including Plaintiff's attendance at a religious-themed seminar, his permitting subordinates to attend the seminar with him, and his co-ownership of a cabin with other firefighters and their wives. (ECF No. 1 at ¶ 16.) On or about March 31, 2011, Plaintiff was placed on administrative leave while the allegations against him were investigated. (ECF No. 1 at ¶ 18; ECF No. 21-1 at 3.) On or about August 24, 2011, Plaintiff claims he received a Notice of Intent to Remove from City Service ("Notice") signed by Defendant Deis. (ECF No. 1 at ¶ 20.) Plaintiff states that the Notice cited him for attending the religious-themed seminar, associating with George Liepart, a consultant working for the City, and for his property interest in a cabin he co-owned with fellow firefighters. (ECF No. 1 at ¶¶ 13–14.) On October 3, 2011, Plaintiff's employment with the City was terminated. (ECF No. 1 at ¶ 21; ECF No. 24-1 at 3.) Plaintiff asserts that upon termination, the City paid Plaintiff a lesser amount than the current value of his accrued sick leave, which he states violated the terms set out in a Memorandum of Understanding between the City and the managing fire department employees. (ECF No. 1 at ¶ 22.) Following the termination, Plaintiff alleges the City retaliated against him by commencing a new investigation into Plaintiff's alleged discrimination against other employees on the basis of race. (ECF No. 1 at ¶ 23.) Plaintiff claims he has suffered economic damages, emotional distress, and physical symptoms as a result of Defendants' conduct. (ECF No. 1 at ¶ 28.)

Defendants move to dismiss all claims for failure to state a claim upon which relief can be granted under Rule 12(b)(6). (ECF No. 24 at 1–2.) Alternatively, Defendant moves for a more definitive statement under Rule 12(e) for the first through sixth causes of action and dismissal of the remaining claims under Rule 12(b)(6). (ECF No. 24 at 1–2.)

////

////

## II. STANDARDS OF LAW

### A. Motion to Dismiss

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

4

1 been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
2 459 U.S. 519, 526 (1983).

3 Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough
4 facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting
5 *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . .
6 across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680.
7 While the plausibility requirement is not akin to a probability requirement, it demands more than
8 "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is
9 "a context-specific task that requires the reviewing court to draw on its judicial experience and
10 common sense." *Id.* at 679.

11 If a complaint fails to state a plausible claim, "'[a] district court should grant leave to
12 amend even if no request to amend the pleading was made, unless it determines that the pleading
13 could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,
14 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995));
15 *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in
16 denying leave to amend when amendment would be futile). Although a district court should
17 freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to
18 deny such leave is 'particularly broad' where the plaintiff has previously amended its
19 complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir.
20 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

21                 B.      <u>Motion for a More Definite Statement</u>

22 A motion for a more definite statement should be denied unless the pleading is "so vague
23 or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R.
24 Civ. P. 12(e). This is because "a motion for a more definite statement is used to attack
25 unintelligibility, not mere lack of detail." *San Bernadino Pub. Employees Ass'n v. Stout*, 946 F.
26 Supp. 790, 804 (C.D. Cal. 1996). This is a liberal standard as the parties are expected to
27 familiarize themselves with the claims and ultimate facts through the discovery process. *See*
28 *Famolare, Inc. v. Edison Brothers Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal.1981). "Thus, a

motion for a more definite statement should not be granted unless the defendant literally cannot frame a responsive pleading." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) (citing *Boxall v. Sequoia Union High School District*, 464 F. Supp. 1104, 1114 (N.D. Cal. 1979)).

### III.     ANALYSIS

Defendants move this Court to dismiss Plaintiff's complaint under Rule 12(b)(6). (ECF No. 24-1.) Plaintiff responds that his complaint alleges sufficient facts to adequately state claims to relief. (*See* ECF No. 26.) "Under Rule 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief may be granted 'based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Granger v. Lowe's Home Ctrs., LLC*, No. 1:14–cv–01212–KJM–SKO, 2014 WL 4976134, at *5 (E.D. Cal. Oct. 3, 2014) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). Therefore, the Court will analyze each cause of action in the complaint to determine whether Plaintiff has alleged sufficient facts.[3]

#### A.     Religious Discrimination (Counts One and Two)

Plaintiff alleges that the City terminated his employment because of his religion in violation of the FEHA and Title VII. (ECF No. 1 at ¶¶ 31, 40.) Defendants move this Court to dismiss these claims as Defendants contend Plaintiff does not allege sufficient facts to bring suit against Defendants. FEHA prohibits an employer from discriminating against an employee "because of [the employee's] ... religious creed." Cal. Gov. Code § 12940(a) (West 2016). Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... religion." 42 U.S.C. § 2000e–2(a)(1). Because "California courts apply the Title VII framework to claims brought under FEHA," the Court addresses the religious discrimination claims together. *Saud v. California*, No. 2:14-CV-02536-GEB, 2015 WL 4393913, at *2 (E.D. Cal. July 15, 2015) (citing *Metoyer v. Chassman*, 504 F.3d 919, 941 (9th Cir. 2007).

---

[3] As the Court finds that Plaintiff fails to allege sufficient facts for the first through sixth causes of action, the Court does not need to address Defendants' alternative motion for a more definitive statement under Rule 12(e). However, the Court notes that Rule 12(e) is an inappropriate basis for Defendants' motion as "a motion for a more definite statement is used to attack unintelligibility, not mere lack of detail." *San Bernadino Pub. Employees Ass'n v. Stout*, 946 F. Supp. 790, 804 (C.D. Cal. 1996).

"A claim for religious discrimination … can be asserted under several different theories, including disparate treatment and failure to accommodate." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004). It is unclear based upon the allegations in the complaint under which theory Plaintiff asserts his claim of religious discrimination. However, given the parties' attention to the elements involved in a failure to accommodate claim in subsequent pleadings, the Court infers that Plaintiff brings his religious discrimination claim under this theory.[4] (ECF No. 24-1 at 5–6; ECF No. 26 at 3; ECF No. 27 at 1–4.)

To establish a prima facie case of religious discrimination on the basis of a failure to accommodate theory, the plaintiff must show that: (1) plaintiff had a bona fide religious belief, the practice of which conflicted with his employment duties; (2) plaintiff informed the employer of his beliefs and the conflict; and (3) the employer threatened plaintiff with or subjected him to discriminatory treatment, including discharge, because of his inability to fulfill the job requirements. *Lawson v. Washington*, 296 F.3d 799, 804 (9th Cir. 2002); *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1438 (9th Cir. 1993). Thus, with respect to Plaintiff's causes of action related to religious discrimination, the question for the Court is whether Plaintiff sufficiently alleges the aforementioned elements.

Here, Plaintiff states that he told Defendant Deis that he was a "devout Christian" and that his employment was terminated as a result of his religion. (ECF No. 1 at ¶¶ 10, 40.) Plaintiff also asserts that he was disciplined for allegedly violating City policy by participating in a Christian-affiliated leadership seminar. (ECF No. 1 at ¶ 16.) However, Plaintiff does not offer facts supporting that the practice of his religious beliefs conflicted with an employment requirement. Even if the Court were to infer from the facts stated in the complaint that Plaintiff's Christian beliefs conflicted with City policy, in that the practice of his religion necessitated that he attend a Christian-affiliated seminar as opposed to a secular one, Plaintiff fails to allege that he informed Defendants of such a conflict. Because facts supporting each element are not alleged in

---

[4] However, even if Plaintiff were not attempting to bring this cause of action alleging Defendants' failure to accommodate, the Court would still dismiss Counts One and Two for Plaintiff's failure to specify the type of religious discrimination claim he seeks to bring. *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004). The complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).

7

the complaint, the Court finds that Plaintiff fails to allege sufficient facts to support claims for religious discrimination under FEHA and Title VII.

### B. Association Discrimination (Counts Three and Four)

Plaintiff contends he was discriminated against on the basis of his associations in violation of FEHA and Title VII. (ECF No. 1 at ¶¶ 47, 54.) Defendants' motion to dismiss asserts that Plaintiff does not allege sufficient facts to show that Plaintiff associated with members of a protected class and was discriminated against because of his association with members of a protected class. (ECF No. 24-1 at 7–8.) Defendants also argue that a claim for associational discrimination is available only to a plaintiff who is not a member of the same protected class as the individual(s) with whom he allegedly associates. (ECF No. 24-1 at 6.) The Court agrees with Defendants and dismisses Plaintiff's associational discrimination claims on these grounds.

FEHA prohibits an employer from discriminating against an employee based on the perception that the employee is associated with a person who has a characteristic protected under the statute. Cal. Gov. Code § 12926 (West 2015). "Title VII, unlike, FEHA, does not specifically delineate a cause of action for unlawful discrimination based on association." *Eaglesmith v. Ray*, No. 2:11-CV-00098 JAM, 2011 WL 4738338, at *3 (E.D. Cal. Oct. 6, 2011). "Nonetheless, many federal courts have construed Title VII to protect individuals who are the victims of discriminatory animus towards third parties with whom the individual associates." *Id.*; *see also Chew v. City & Cty. of San Francisco*, No. 13-CV-05286-MEJ, 2016 WL 631924, at *10 (N.D. Cal. Feb. 17, 2016) (citing *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 512 (6th Cir. 2009) ("Title VII protects individuals who, though not members of a protected class, are victims of discriminatory animus toward [protected] third persons with whom the individuals associate."). "Although the wording of Title VII differs in some particulars from the wording of FEHA, the antidiscriminatory objectives and overriding policy purposes of the two acts are identical." *Eaglesmith*, 2011 WL 4738338, at *2. As such, "claims of discrimination under FEHA and Title VII may be assessed under the same standards." *Id.*

Accordingly, the Court must decide whether Plaintiff sufficiently alleges that he was discriminated against based upon his association with members of a protected class. Plaintiff

8

states that his association with the president of the firefighters' union, David Macedo, through their joint ownership of real estate and his association with George Liepart through their religious activities, were motivating factors for the adverse employment actions taken against Plaintiff. (ECF No. 1 at at ¶ 78.)  Nonetheless, Plaintiff fails to allege that Macedo is a member or perceived to be a member of a protected class.  For that reason, the association discrimination claim is insufficient to the extent it involves Plaintiff's association with Macedo.

Regarding Plaintiff's association with Liepart, Plaintiff does offer that he and Liepart were engaged in a project to build a church school.  (ECF No. 1 at ¶ 19.)  From this, the Court can infer that Plaintiff contends that Liepart belongs to a protected class based upon his religion.  However, if this is Plaintiff's assertion, then it follows that Plaintiff and Liepart are part of the *same* protected class.[5]  Consequently, the association discrimination claim, to the extent it relates to Plaintiff's association with Liepart, is insufficient as alleged, because association discrimination claims are not tenable when based on a characteristic shared by the plaintiff and the person with whom he associates.  *See Whitfield v. Trade Show Servs.*, *Ltd*., No. 2:10-CV-00905-LRH, 2012 WL 693569, at *3–4 (D. Nev. Mar. 1, 2012) (holding same-race associational discrimination theory untenable).  Therefore, the Court finds that Plaintiff has failed to allege sufficient facts to support the association discrimination causes of action.

C.      Retaliation (Counts Five and Six)

Plaintiff alleges he was subject to retaliation by the City in violation of FEHA and Title VII. (ECF No. 1 at ¶¶ 59, 65.)  Defendants move to dismiss these claims under Rule 12(b)(6) for failure to state plausible claims upon which relief may be granted.  (ECF No. 24-1 at 2.)  The Court finds that Plaintiff's complaint fails to meet the requirements of Rule 12(b)(6) and dismisses the retaliation causes of action.

FEHA makes it unlawful for an employer to discharge, expel or otherwise discriminate against any person because the person has opposed any practices forbidden by FEHA. Cal. Gov. Code § 12940(h).  Title VII prohibits an employer from discriminating against any employee,

---

[5] The Court's inference is further supported by Plaintiff's opposition to the motion to dismiss where Plaintiff argues that the law does not require Plaintiff to be outside the protected class in order to bring a cause of action for association discrimination.  (ECF No. 26 at 4.)

because the employee has opposed any practice made an unlawful employment practice by Title VII. 42 U.S.C. § 2000e-3(a). As both FEHA and Title VII prohibit discriminatory employment practices, the two claims can be analyzed together. *See Eaglesmith*, 2011 WL 4738338, at *4–5. In order to state a claim for retaliation under both FEHA and Title VII, a "plaintiff must show (1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Lewis v. City of Fresno*, 834 F. Supp. 2d 990, 1002 (E.D. Cal. 2011); *accord Ulrich v. City & Cty. of San Francisco*, 308 F.3d 968, 976 (9th Cir. 2002).

"[W]hen an employee protests the actions of a supervisor such opposition is also protected activity." *Eaglesmith*, 2011 WL 4738338, at *4). "In order to constitute protected activity, Plaintiff['s] conduct must have alerted his employer to his belief that discrimination, not merely unfair personnel treatment, had occurred." *Lewis*, 834 F. Supp. at 1002. Here, Plaintiff sets forth that Defendant Montes told Plaintiff that she was aware he had attended a Christian-affiliated seminar and that it was unacceptable for him to have done so. (ECF No. 1 at ¶ 15.) Plaintiff contends he protested this by saying that it did not matter that the seminar was Christian in its nature. (ECF No. 1 at ¶ 15.) The Court accepts these allegations as true, but finds them insufficient. *Cruz*, 405 U.S. at 322. Such factual allegations do not establish that Plaintiff's conduct amounted to an opposition of a discriminatory practice because Plaintiff does not allege he alerted his employer that he believed discrimination had occurred. As such, Plaintiff also fails to provide a factual basis to develop the causal link between his own conduct and his termination of his employment with the City. Therefore, the Court finds Plaintiff fails to allege sufficient facts to support claims for retaliation under FEHA and Title VII.

D.   Failure to Prevent Discrimination and Retaliation (Count Seven)

Plaintiff argues that the City failed to prevent discrimination and retaliation in violation of FEHA. (ECF No. 1 at ¶ 72.) As previously noted, Defendants' motion does not specifically request dismissal of this claim. (ECF No. 24.) However, Defendants' motion to stay discovery (ECF No. 24-2 at 2), which accompanied Defendants' motion to dismiss, and Defendants' reply in support of the motion to dismiss (ECF No. 27 at 3) both request dismissal of *all* causes of

1  action. Given the Court's inherent power to dismiss a claim sua sponte under Rule 12(b)(6), the
2  Court addresses sufficiency of the failure to prevent claim and finds it warrants dismissal. *Omar*
3  *v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua
4  sponte under Fed. R. Civ. P. 12(b)(6).").

5  FEHA requires an employer to "take all reasonable steps necessary to prevent
6  discrimination and harassment from occurring." Cal. Gov't Code § 12940(k). "To state a claim
7  for failure to prevent under 12940(k), a plaintiff must allege that (1) plaintiff was subjected to
8  discrimination, harassment or retaliation, (2) defendant failed to take all reasonable steps
9  necessary to prevent discrimination, harassment or retaliation, and (3) this failure caused plaintiff
10 to suffer injury, damage, loss or harm." *Eaglesmith*, 2011 WL 4738338, at *6 (citing *Lelaind v.*
11 *City & Cnty. of San Francisco*, 576 F. Supp. 2d 1079, 1103 (N.D. Cal. 2008)). "However, no suit
12 may be maintained for violation of this affirmative duty if the plaintiff has not actually suffered
13 any employment discrimination or harassment." *Cozzi v. Cnty. of Marin*, No. C 08-3633 PJH,
14 2010 WL 1532359, at *14 (N.D. Cal. Apr. 16, 2010).

15 This Court has already determined that Plaintiff's complaint, as written, fails to
16 adequately establish causes of action for religious discrimination and retaliation. *See supra*
17 Sections III.A, III.C. Moreover, Plaintiff provides no additional allegations that would support
18 the assertion that Plaintiff was subject to discrimination or retaliation as to this claim. (ECF No. 1
19 at ¶ 68.) Therefore, under that same analysis applied to Counts 1, 2, 5, and 6, the Court finds that
20 Plaintiff fails to allege sufficient facts to support the first element of his claim for failure to
21 prevent religious discrimination and retaliation under FEHA.

22 E. Violation of Constitutional Rights (Count Eight)

23 Plaintiff contends that Defendants Deis and Montes deprived him of his right to
24 association in violation of the First Amendment of the U.S. Constitution. (ECF No. 1 at ¶ 78.)
25 Defendants argue that Plaintiff fails to offer facts necessary to establish a violation of Plaintiff's
26 First Amendment right to association. (ECF No. 24-1 at 9.) Defendants further argue that, even
27 if Plaintiff could bring a successful claim, Defendants Deis and Montes are entitled to qualified
28 immunity on this claim. (ECF No. 24-1 at 9.) The Court finds cause to dismiss this cause of

action under Rule 12(b)(6) and therefore does not reach Defendants' qualified immunity argument.

"Among the rights protected by the First Amendment is the right of individuals to associate to further their personal beliefs. While the freedom of association is not explicitly set out in the Amendment, it has long been held to be implicit in the freedoms of speech, assembly, and petition." *Healy v. James*, 408 U.S. 169, 181 (U.S. 1972). The First Amendment protects "certain intimate human relationships as well as the right to associate for the purposes of engaging in those expressive activities otherwise protected by the Constitution." *Eaglesmith*, 2011 WL 4738338, at *10. "The first amendment's freedom of association protects groups whose activities are explicitly stated in the amendment: speaking, worshiping, and petitioning the government." *IDK, Inc. v. Cty. of Clark*, 836 F.2d 1185, 1192 (9th Cir. 1988) (citing *Roberts v. United States Jaycees*, 468 U.S. 609, 618 (1984)). In order to state a claim under the first amendment's freedom of association, "a plaintiff must allege that he was a member of a group that was harmed by a defendant's conduct." *Smith v. Cal. Bd. of Educ.*, No. CV 13-5395 FMO PJW, 2014 WL 5846990, at *3 (C.D. Cal. Nov. 10, 2014).

Therefore, the Court must decide whether Plaintiff alleges sufficient facts to bring a 42 U.S.C. § 1983 claim against Defendants Deis and Montes for an alleged violation of Petitioner's freedom of association. The Courts finds that Plaintiff has not. Plaintiff states that his association with Macedo and Liepart were motivating factors for the adverse employment actions taken against Plaintiff. (ECF No. 1 at at ¶ 78.) However, Plaintiff does not specify whether Plaintiff's associations with Macedo and Liepart were intimate or expressive. Nor does Plaintiff allege that he was prevented by Defendants Deis and Montes from associating with Macedo and Liepart. Further, Plaintiff does not contend that he was a part of a group or even wanted to be a part of a group that was prevented from pursuing its goals or harmed by the Defendants Deis and Montes in any way. As such, the Court finds that Plaintiff fails to allege sufficient facts to support a claim for a violation of Petitioner's freedom of association. Accordingly, the Court need not address Defendants' affirmative defense to the claim.

///

F.        Breach of Contract (Count Nine)

Plaintiff maintains that the City committed a breach of contract in failing to pay Plaintiff the current value of his accrued sick time (Count Nine).  (ECF No. 1 at ¶ 86.)  Defendants allege that the breach of contract claim fails as a matter of law, because no contract existed.  (ECF No. 24-1 at 13.)

"It is well settled in California that public employment is not held by contract but by statute."  *Miller v. State*, 18 Cal. 3d 808, 813 (1977); *Ulmschneider v. Los Banos Unified Sch. Dist.*, No. 1:11-CV-1767 AWI GSA, 2012 WL 525577, at *10 (E.D. Cal. Feb. 16, 2012); *Thomsen v. Sacramento Metro. Fire Dist.*, No. 2:09-CV-01108 FCD, 2009 WL 8741960, at *16 (E.D. Cal. Oct. 20, 2009).  As an employee of the City, Plaintiff was a public officer and therefore his employment was bound by statute, not contract.  *See Thomsen*, 2009 WL 8741960, at *17 (discussing the employment of a firefighter).  Therefore, Defendants cannot be held liable for breach of contract because Plaintiff's employment relationship is statutory, not contractual.  *Tonsing v. City & Cty. of San Francisco*, No. C 09-01446 CW, 2010 WL 334859, at *7 (N.D. Cal. Jan. 22, 2010) (discussing employment of a police officer).  However, Plaintiff contends that there was a Memorandum of Understanding between the City and the managing fire department employees.  (ECF No. 1 at ¶ 22.)  Whether a Memorandum of Understanding exists between the parties is disputed.  (ECF No. 24-1 at 14–15.)  Nonetheless, the Ninth Circuit held in *Gibson v. Office of the Attorney General* that a breach of contract claim is not a viable remedy when a Memorandum of Understanding governs the terms of employment between a civil service employee and a public agency.  *Gibson v. Office of the Att'y Gen.*, 561 F.3d 920, 929 (9th Cir. 2009).  Accepting Plaintiff's allegations as true for the purposes of this motion, the Court finds that Plaintiff fails as a matter of law to state a claim upon which relief can be granted as there was no contract between the parties and a Memorandum of Understanding is an improper basis for a breach of contract claim.

**IV.     CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss the complaint (ECF No. 24) is hereby GRANTED as to all counts.  Plaintiff's complaint is DISMISSED WITH LEAVE TO

AMEND.  Should Plaintiff wish to file an amended complaint, such complaint must be filed within thirty days of the entry of this order.

IT IS SO ORDERED.

Dated: March 30, 2016

Troy L. Nunley
United States District Judge