1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    RONALD HITTLE,                              No. 2:12-cv-00766-TLN-KJN

12              Plaintiff,

13         v.                                     **ORDER**

14    CITY OF STOCKTON, et al.,

15              Defendants.

16

17         This matter is before the Court on Defendants City of Stockton, Robert Deis, and Laurie

18    Montes's (collectively, "Defendants") Bill of Costs.  (ECF No. 157.)  Defendants seek costs in

19    the total amount of $34,280.95.  (*Id.*)  Plaintiff Ronald Hittle ("Plaintiff") filed objections to the

20    Bill of Costs.  (ECF No. 158.)  Defendants filed a reply.  (ECF No. 159.)  For the reasons set

21    forth below, the Court OVERRULES Plaintiff's objections and GRANTS Defendants' Bill of

22    Costs in full.

23         Under Federal Rule of Civil Procedure ("Rule") 54(d)(1), the prevailing party in a lawsuit

24    may recover its costs, other than attorney's fees, "[u]nless a federal statute, [the civil rules], or a

25    court order provides otherwise."  Fed. R. Civ. P. 54(d)(1).  "By its terms, the rule creates a

26    presumption in favor of awarding costs to a prevailing party, but vests in the [Court] discretion to

27    refuse to award costs."  *Ass'n of Mexican–Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th

28    Cir. 2000).  If the Court declines to award costs to the prevailing party, the Court must "specify

                                              1

1    reasons" for denying costs.  *Id.*  However, the Court need not "specify reasons for its decision to

2    abide [by] the presumption and tax costs to the losing party."  *Save Our Valley v. Sound Transit*,

3    335 F.3d 932, 945 (9th Cir. 2003).

4        A prevailing party's ability to recover costs under Rule 54(d)(1) is limited by 28 U.S.C. §

5    1920 and, in this District, by Local Rule 292.  28 U.S.C. § 1920 (specifying taxable costs); E.D.

6    Cal. L.R. 292(f) (same); *see also Crane-McNab v. Cnty. of Merced*, No. 1:08-cv-1218-WBS-

7    SMS, 2011 WL 794284, at *1 (E.D. Cal. Mar. 1, 2011) ("Rule 54(d)(1) of the Federal Rules of

8    Civil Procedure and Local Rule 292 govern the taxation of costs to losing parties, which are

9    generally subject to limits set under 28 U.S.C. § 1920.").  28 U.S.C. § 1920 enumerates which

10   fees and expenses the Court may tax as costs.  Local Rule 292(a) prescribes that "[c]osts shall be

11   taxed in conformity with the provisions of 28 U.S.C. § 1920," and Local Rule 292(f) provides a

12   list of specific fees and expenses that are taxable as costs.  E.D. Cal. L.R. 292(a), (f).

13       Plaintiff first objects generally that the entire Bill of Costs should be denied because of:

14   (1) the substantial public importance of the case; (2) the closeness and difficulty of the issues in

15   the case; (3) the chilling effect on future similar actions; (4) Plaintiff's limited financial resources;

16   and (5) the economic disparity between the parties.  (ECF No. 158 at 2.)  Plaintiff is correct that

17   these types of equity concerns may override the presumption of cost recovery.  *See Ass'n of*

18   *Mexican–Am. Ed.*, 231 F.3d at 592 (holding a district court did not abuse its discretion in refusing

19   to award costs based on equity concerns).  However, as Defendants correctly point out in their

20   reply, Plaintiff does not provide any analysis or evidence to support his argument.  As such,

21   Plaintiff fails to persuade the Court that any of the listed equity concerns weigh so heavily as to

22   overcome the presumption in favor of awarding costs to Defendants.

23       Plaintiff next objects to specific claimed costs.  (ECF No. 158 at 3–5.)  First, Plaintiff

24   objects to the $3,518.41 requested for service of subpoenas.  (*Id.* at 3.)  Plaintiff argues none of

25   the subpoenas were necessary because each of the witnesses were willing and eager to give

26   testimony.  (*Id.*)  Plaintiff also contests Defendants' need to pay for rush services and last-minute

27   subpoenas.  (*Id.* at 3–4.)  Second, Plaintiff objects to $1,655.86 in printing fees.  (*Id.* at 4.)

28   Plaintiff argues there was no reason for Defendants to print 1,992 documents in August 2019,

especially in color, or for Defendants to print an additional 2,174 documents. (*Id.*)  Similarly,

Plaintiff objects to $191.45 in other printing fees. (*Id.* at 4–5.)  Lastly, Plaintiff objects to various

deposition costs, such as costs of rough copies and video recordings. (*Id.* at 5.)  In total, Plaintiff

requests the Court reduce Defendants' costs by $7,050.68. (*Id.* at 6.)

In response, Defendants argue the issuance of subpoenas was necessary because Plaintiff

failed to produce witnesses as promised and one witness evaded service. (ECF No. 159 at 3.)

Defendants next argue the photocopy costs are allowable and were necessarily incurred

responding to Plaintiff's document requests. (*Id.* at 4.)  Finally, Defendants argue the deposition

transcripts, including costs for video and rough copies, were necessary to support their motion for

summary judgment and to prepare for various depositions. (*Id.*)

Plaintiff's objections are unpersuasive because Plaintiff fails to cite any authority to

support his arguments. *See Save Our Valley*, 335 F.3d at 945 ("[T]he losing party must show

why costs should not be awarded.").  In the absence of any authority or meaningful analysis from

Plaintiff, the Court does not have sufficient information to reach a determination as to whether the

claimed costs were unreasonable.  Therefore, the Court OVERRULES Plaintiff's objections.

For the foregoing reasons, the Court GRANTS Defendants' Bill of Costs in the amount of

$34,280.95. (ECF No. 157.)

IT IS SO ORDERED.

Date: April 17, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE