UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD HITTLE,<br>Plaintiff,<br>v.<br>CITY OF STOCKTON, et al.,<br>Defendants. | No. 2:12-cv-00766-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Plaintiff Ronald Hittle's ("Plaintiff") Motion for Reconsideration. (ECF No. 168.) Defendants City of Stockton, Robert Deis, and Laurie Montes (collectively, "Defendants") filed an opposition. (ECF No. 169.) Plaintiff did not file a reply. For the reasons set forth below, Plaintiff's motion is GRANTED.

///

///

///

///

///

///

///

///

## I. Factual and Procedural Background

The Court need not and does not recount the full factual and procedural background here, as it is set forth in the March 2, 2022 Order granting Defendants' motion for summary judgment. (ECF No. 155.) On March 15, 2022, Defendants filed a bill of costs seeking $34,280.95. (ECF No. 157.) On March 21, 2022, Plaintiff filed objections. (ECF No. 158.) The Ninth Circuit then affirmed the Court's March 2, 2022 Order in *Hittle v. City of Stockton*, 101 F.4th 1000 (9th Cir. 2024), and four judges dissented from the denial of rehearing en banc, *id.* at 1018–36. The United States Supreme Court subsequently denied certiorari, with Justice Clarence Thomas, joined by Justice Neil Gorsuch, dissenting. *Hittle v. City of Stockton*, 145 S. Ct. 759 (2025). After the Supreme Court denied certiorari, on April 18, 2025, the Court overruled Plaintiff's objections and awarded Defendants' bill of costs in the amount of $34,280.95. (ECF No. 167.) On May 22, 2025, Plaintiff filed the instant motion for reconsideration. (ECF No. 168.)

## II. Standard of Law

The Court may grant reconsideration under either Federal Rule of Civil Procedure ("Rule") 59(e) or 60(b). *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). A motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Therefore, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within 28 days of entry of judgment. *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016). "Otherwise, it is treated as a Rule 60(b) motion for relief from judgment or order." *Am. Ironworks & Erectors, Inc.*, 248 F.3d at 899. Here, Plaintiff's motion was filed more than 28 days after entry of judgment and is therefore construed as a motion for relief from final judgment under Rule 60(b). (ECF No. 168.)

Under Rule 60(b), the Court may relieve Plaintiff from a final judgment, order, or proceeding "for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is

void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

The Ninth Circuit has clarified a party must satisfy three requirements to obtain relief under Rule 60(b)(6): (1) "[t]he motion cannot be premised on another ground delineated in the Rule"; (2) "it must be filed within a reasonable time"; and (3) "it must demonstrate 'extraordinary circumstances' justifying reopening the judgment[.]" *Bynoe v. Baca*, 966 F.3d 972, 979 (9th Cir. 2020) (citation modified). With respect to what constitutes "reasonable time," Rule 60(b)(6) empowers the court to reopen a judgment even after one year has passed. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.* (*Marlyn*), 571 F.3d 873, 880 (9th Cir. 2009). Further, "[a] motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis in original).

## III. ANALYSIS

The Court first considers whether Plaintiff has met the requirements to obtain relief under Rule 60(b)(6).[1] Because Plaintiff meets all three requirements, the Court then evaluates whether Defendants are still entitled to costs under Rule 54(d)(1).

### A. Whether Plaintiff Meets the Rule 60(b)(6) Requirements

As stated above, a party must satisfy three requirements to obtain relief under Rule 60(b)(6): (1) "[t]he motion cannot be premised on another ground delineated in the Rule"; (2) "it

---

[1] Plaintiff does not explicitly set forth the grounds for seeking relief under Rule 60(b). (*See* ECF No. 168.) However, Plaintiff's primary argument rests on judicial developments that occurred after the parties briefed the issue of costs, rather than on newly discovered evidence, clear error, mistake, fraud, or another ground enumerated in Rule 60(b)(1)–(5). (*Id.*) The Court therefore construes his motion as brought under Rule 60(b)(6).

must be filed within a reasonable time"; and (3) "it must demonstrate 'extraordinary circumstances' justifying reopening the judgment[.]" *Bynoe*, 966 F.3d at 979.

Here, with respect to the first requirement, Plaintiff's motion is not premised on any other ground delineated in Rule 60(b). With respect to the second requirement, Plaintiff's motion was filed within a reasonable time, as it was filed a little more than a month after the Court's Order overruling Plaintiff's objections and granting Defendants costs. With respect to the third requirement, the Court finds extraordinary circumstances exist in this case. Four Ninth Circuit judges and two Supreme Court Justices filed dissenting opinions, demonstrating this case presented close and difficult issues. The Court is further persuaded by Plaintiff's argument that he was not given the opportunity to file additional briefing on the costs issue after all the appeals were resolved and before the Court issued its Order awarding Defendants their costs in full. (ECF No. 168 at 2.)

Given Plaintiff's timely-filed motion, the three-year interval between the costs briefing and the Court's ruling on the costs issue, the intervening appellate opinions bearing directly on the relevant Rule 54(d)(1) considerations, and the amount of the award, the Court finds extraordinary circumstances warranting relief under Rule 60(b)(6). Accordingly, the Court turns to a reconsideration of whether Defendants are still entitled to costs under Rule 54(d)(1).

B. <u>Whether Defendants are Entitled to Costs Under Rule 54(d)(1)</u>

Plaintiff argues the dissenting opinions issued after the parties briefed the costs issue in 2022 — Justice Thomas's dissent from the denial of certiorari, joined by Justice Gorsuch, and the dissents of four Ninth Circuit judges from the denial of rehearing en banc — demonstrate this case was a "close" call and raised issues of substantial public importance.[2] (ECF No. 168 at 3.)

---

[2] Plaintiff requests in the alternative that the Court reconsider the amount of the cost award as it did not previously consider Plaintiff's argument that several claimed costs were not necessarily incurred. (*Id.* at 5–7.) However, because the Court declines to award costs to Defendants, the Court need not and does not consider this alternative argument. Further, as stated previously, a "motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn*, 571 F.3d at 880. However, Plaintiff correctly points out that he was not previously given an opportunity to argue how these opinions demonstrate the appropriateness of declining to award costs in this case. (ECF No. 168 at 3.) Accordingly, these arguments are properly raised now.

Plaintiff also asserts that bearing these costs may chill civil rights litigation in this area. (*Id.* at 3–4.) In opposition, Defendants maintain that Plaintiff does not offer compelling evidence to support his claim that this case is of "substantial public importance" and the case law he cites is distinguishable. (ECF No. 169 at 3.) Defendants contend Plaintiff's argument relies primarily on dissenting opinions but ignores the fact that all of Plaintiff's claims were resolved on summary judgment in Defendants' favor. (*Id.*)

Rule 54(d)(1) provides that "costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014) (quoting *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc)).[3] However, the district court must specify its reasons for any refusal to award costs. *Id.* The Ninth Circuit has identified a non-exhaustive list of appropriate reasons for denying costs: "(1) the substantial public importance of the case[;] (2) the closeness and difficulty of the issues in the case[;] (3) the chilling effect on future similar actions[;] (4) the plaintiff's limited financial resources[;] and (5) the economic disparity between the parties." *Id.* at 1247–48.

On reconsideration, the Court exercises its discretion to decline to award costs. First, the Court agrees with Plaintiff that the dissenting opinions demonstrate this case presented close and difficult issues.[4] (ECF No. 168 at 4.) Second, the Court agrees with Plaintiff that imposing such

---

[3] Defendants contend this case, which Plaintiff cites, is unhelpful because it was based on the plaintiff's indigency. (ECF No. 169 at 4.) Nevertheless, the Ninth Circuit in *Escriba* provides a succinct summary of the instances in which district courts may use their discretion to refuse to award costs. This guides the Court's analysis herein.

[4] By way of example, Plaintiff provides an excerpt of Justice Clarence Thomas's dissent from the denial of certiorari:

> Hittle presented "ample" evidence of discriminatory intent on the part of those who decided to terminate him. 101 F.4th at 1022 (VanDyke, J., dissenting from denial of rehearing en banc). That evidence is more than likely sufficient for Hittle to establish a genuine dispute of material fact as required by Rule 56. See id., at 1018–1019 (Callahan, J., dissenting from denial of rehearing en banc); id., at 1019 (Ikuta, J., dissenting from denial of rehearing en banc); id., at 1026 (opinion of VanDyke, J.). Yet, after applying

high costs could chill civil rights litigation and prevent plaintiffs from filing suit to vindicate their rights. Specifically, the Court finds the $34,280.95 awarded to Defendants is sufficiently high to chill future civil rights litigation by plaintiffs. *See Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079–80 (9th Cir. 1999) (holding the district court abused its discretion by denying a plaintiff's motion to re-tax costs without considering her limited financial resources and "the chilling effect of imposing such high costs on future civil rights litigants").[5] Third, the Court finds the issue of whether this case raises an issue of substantial public importance to be a close one, especially in light of the parties' arguments. However, the Court has already concluded this case presents a "close call" and may chill civil rights litigation if Plaintiff is required to pay these costs. Because the closeness and difficulty of the issues and the potential chilling effect are sufficient to overcome Rule 54(d)(1)'s presumption, the Court need not decide whether this case presents an issue of public importance. Accordingly, the Court exercises its discretion under Rule 54(d)(1) to decline to award costs to Defendants.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Reconsideration (ECF No. 168), VACATES its April 18, 2025 Order (ECF No. 167), and DENIES Defendants' Bill of Costs (ECF No. 157).

IT IS SO ORDERED.

DATE: September 18, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

---

McDonnell Douglas, the District Court and the Ninth Circuit ruled for the city.

*Hittle v. City of Stockton*, 145 S. Ct. 759, 764 (2025) (Thomas, J., dissenting from denial of certiorari).

[5] Defendants argue "the *Stanley* decision was based largely on the fact that a cost award would render [the plaintiff] indigent." (ECF No. 169 at 4.) While this is true, the Ninth Circuit in *Stanley* also concludes that "the imposition of such high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation in this area." *Stanley*, 178 F.3d at 1080.